# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING DURABILITY MARKETING AND SALES
PRACTICES LITIGATION                                                                        MDL No. 2743

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in an action in the Central District of California (*Abad*) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Central District of California. These cases concern the sale and marketing of Chinese-manufactured laminate flooring sold by defendant Lumber Liquidators. Despite being marketed as sufficiently durable for residential use, plaintiffs allege that their laminate flooring scratches too easily and fails to meet the advertised industry standard. Plaintiffs' motion includes the sixteen actions listed on Schedule A and pending, following transfer of thirteen actions pending in the Central District of California during the briefing of the motion for centralization, in sixteen different districts. Since plaintiffs filed this motion, the parties have notified the Panel of fifteen additional potentially related actions pending in fourteen districts.[1]

Defendant Lumber Liquidators, Inc., supports centralization but suggests the Eastern District of Virginia as the transferee district. Lumber Liquidators also states that lead counsel in MDL No. 2627[2] "have no opposition to these 'durability' cases being transferred to the Eastern District of Virginia."

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve common factual questions regarding the durability of Chinese-manufactured laminate flooring sold by Lumber Liquidators under the "Dream Home" label, particularly the issue of whether the laminates comply with the allegedly warranted industry standard for use in residential settings. Plaintiffs allege that the products improperly scratch, fade, exhibit edge curling, buckle, delaminate, chip, cup, peel, warp, bow and/or bubble. Centralization will eliminate duplicative discovery, avoid inconsistent pretrial

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] *In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation*, 109 F. Supp. 3d 1382 (J.P.M.L. 2015).

- 2 -

rulings (including on issues of class certification and *Daubert* motion practice), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Virginia is an appropriate transferee district for this litigation. Lumber Liquidators is based in this district in Toano, Virginia, and relevant documents and witnesses likely will be found there. We are confident that Judge Anthony J. Trenga, who presides over MDL No. 2627, which involves allegedly inappropriate emissions of formaldehyde from the same laminate flooring and some of the same plaintiffs as here, will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable Anthony J. Trenga for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Charles R. Breyer  Marjorie O. Rendell
Lewis A. Kaplan  Ellen Segal Huvelle
R. David Proctor  Catherine D. Perry

**IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING DURABILITY MARKETING AND SALES
PRACTICES LITIGATION** MDL No. 2743

## SCHEDULE A

<u>Central District of California</u>

ABAD, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15‒3795

<u>Middle District of Florida</u>

GREEN v. LUMBER LIQUIDATORS, INC., C.A. No. 8:16‒2142

<u>Northern District of Georgia</u>

WEBSTER v. LUMBER LIQUIDATORS, INC., C.A. No. 4:16‒260

<u>Western District of Kentucky</u>

HENSLEY v. LUMBER LIQUIDATORS, INC., C.A. No. 3:16‒534

<u>Western District of Louisiana</u>

GOODLING v. LUMBER LIQUIDATORS, INC., C.A. No. 3:16‒1201

<u>District of Massachusetts</u>

KUNICKI v. LUMBER LIQUIDATORS, INC., C.A. No. 4:16‒11705

<u>Eastern District of Missouri</u>

DUNKIN v. LUMBER LIQUIDATORS, INC., C.A. No. 4:16‒1347

<u>Southern District of Mississippi</u>

BOLIN v. LUMBER LIQUIDATORS, INC., C.A. No. 3:16‒00590

<u>District of Nevada</u>

RYAN v. LUMBER LIQUIDATORS, INC., C.A. No. 2:16‒1978

- A2 -

<u>District of New Jersey</u>

MANZO v. LUMBER LIQUIDATORS, INC., C.A. No. 2:16‒5112

<u>Eastern District of New York</u>

HOTALING, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:16‒4646

<u>Western District of North Carolina</u>

BENNETT v. LUMBER LIQUIDATORS, INC., C.A. No. 1:16‒281

<u>Northern District of Ohio</u>

LEONARD, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:16‒2091

<u>Eastern District of Oklahoma</u>

STRONG v. LUMBER LIQUIDATORS, INC., C.A. No. 6:16‒357

<u>Western District of Pennsylvania</u>

MCPHERSON v. LUMBER LIQUIDATORS, INC., C.A. No. 2:16‒1263

<u>Southern District of West Virginia</u>

JACKSON v. LUMBER LIQUIDATORS, INC., C.A. No. 2:16‒07947